LAW OFFICES
WATERFALL ECONOMIDIS CALDWELL
HANSHAW & VILLAMANA, P.C.
5210 E. WILLIAMS CIRCLE, SUITE 800
TUCSON, ARIZONA 85711
TELEPHONE (520) 790-5828
FACSIMILE (520) 745-1279
Steven M. Cox, #005094
smcox@waterfallattorneys.com
Corey B. Larson, #022549
clarson@waterfallattorneys.com

*Attorneys for Metric Roofing Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

SETH MICHAEL WINTERS and GENEVIEVE ALYCE WINTERS,

Debtors.
_____

METRIC ROOFING, INC.,

Plaintiff,

vs.

SETH MICHAEL WINTERS and GENEVIEVE ALYCE WINTERS, Debtors; and DIANNE C. KERNS, as Chapter 13 Trustee,

Respondents.

Case No.: 4:15-bk-14945-BMW

Chapter 13

Adv.: 4:16-ap-00108-SHG

**STIPULATION TO ENTRY OF JUDGMENT UPON ALL ISSUES ON THE COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF DEBT**

The parties to the above-entitled Adversary, Plaintiff Metric Roofing Inc. and Defendants Seth Michael Winters and Genevieve Alyce Winters, hereby stipulate, acknowledge, and agree as follows:

1. Plaintiff and Defendants were parties ("Parties") in the same capacities as in this Adversary, in a prior action that was litigated in Pima County Superior Court, Case number C20131929.

2. That litigation culminated in the entry of a Judgment by the Superior Court in favor of Plaintiff and against Defendants, on October 23, 2015, in a total amount of $531,250.00. A true

copy of that Superior Court Judgment is attached, and interest has accrued to the award of the Judgment.

3. Defendants as Debtors filed the above bankruptcy on November 23, 2015, under Chapter 13 of the Bankruptcy Code. Dianne C. Kerns was appointed as the Chapter 13 Trustee for this case, but is not an interested party in this Adversary.

4. Plaintiff filed a Proof of Claim for its Superior Court Judgment in this case, which is Claim number 5 on the Claims Register for this bankruptcy.

5. Plaintiff also filed its Adversary Complaint against Debtors as Defendants here, which is the Adversary Proceeding captioned above, seeking a determination of the dischargeability of the debt owed from Defendants to Plaintiff, under 11 U.S.C. §523(a)(4) and/or (6). Defendants timely filed their Answer to the Complaint.

6. The Parties each proceeded to file Motions for Summary Judgment, Defendants seeking a partial judgment upon the Complaint, and Plaintiff seeking a judgment on all issues under the Complaint.

7. For purposes of this Stipulation, and settlement of this Adversary, Defendants seek discharge of the $70,000 award for breach of fiduciary duties, in the Superior Court Judgment, and also discharge of a prorated percentage of the punitive damages awarded, related to that breach of fiduciary award. The total discharge amount would be $211,422.45.

8. For purposes of this Stipulation and settlement of this Adversary, Plaintiff seeks a judgment for nondischargeability under 11 U.S.C. §523(a)(6) of the balance owed upon the total awarded in the Superior Court Judgment, in the amount of $531,250.00, which reduced balance is $319,827.55.

9. Plaintiff and Defendants accept these amounts for settlement of this Adversary, and entry of a Judgment upon this Adversary resolving all issues. Litigation of this Adversary would be time-consuming, expensive, and reasonably likely to reach a result between the Parties that is similar to or at least within the range of the amounts set forth above. The Parties also agree that each will bear their own costs.

Therefore, based upon these circumstances, Plaintiff and Defendants will submit a Judgment to the Bankruptcy Court upon this Adversary, determining and declaring that the amount of $319,827.55 of the Superior Court Judgment is not dischargeable under 11 U.S.C. §523(a)(6), and that the Defendants' discharge is excepted for that amount upon Plaintiff's Superior Court Judgment; and that the other $211,422.45 of that Superior Court Judgment is eligible for discharge in this bankruptcy, and shall not be recoverable by Plaintiff in the event of entry of discharge. This Stipulation resolves all issues in this Adversary, and each party shall bear their own costs, fees, and expenses in this Adversary.

DATED this 8th day of November, 2016.

| WATERFALL, ECONOMIDIS, CALDWELL, HANSHAW & VILLAMANA, P.C. | NEELEY LAW FIRM, P.L.C. |
|---|---|
| By */s/ Steven M. Cox* <br> Steven M. Cox <br> Corey B. Larson <br> *Attorneys for Plaintiff Metric Roofing, Inc.* | By */s/ Kenneth Neeley* (with permission) <br> Kenneth Neeley <br> *Attorneys for Defendants Seth and Genevieve Winters* |

Filed this 8th day of November, 2016, and copies mailed to:

Seth Michael Winters
Genevieve Alyce Winters
3430 W. Sunshine Butte Dr.
San Tan Valley, AZ 85142
*Debtors*

Kenneth L Neeley
Neeley Law Firm, PLC
2250 E. Germann Rd., Suite 11
Chandler, AZ 85286
*Attorneys for Debtor*

Dianne C. Kerns
7320 N. La Cholla #154 PMB 413
Tucson, AZ 85741

By: */s/ L. Collins*